UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
NOV 1 4 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 06-327 (TFH) |
| : | |
| EVER O. LEMUS-HERNANDES, : | |
| : | Plea Hearing Date: November 17, 2006 |
| Defendant. : | |
| : | **UNDER SEAL** |

GOVERNMENT'S PROFFER OF EVIDENCE

Defendant Ever O. Lemus-Hernandes, agrees to admit his guilt and enter a plea of guilty to Count One of his Information which charges him with, Conspiracy to Distribute and Unlawful Possession With Intent to Distribute 5 Kilograms or More of Cocaine, in violation of 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A). Defendant Lemus-Hernandes understands that pursuant to 21 U.S.C. 841(a)(1) and 21 U.S.C. 841(b)(1)(A), that Count One of his Information carries a penalty of a term of imprisonment of not less than 10 years or more than life, a fine of not more than $4,000,000.00, or both, and a period of supervised release of at least 5 years. In addition, Defendant Lemus-Hernandes agrees to pay a special assessment of $100.00 for his felony conviction to the Clerk of Court of the United States District Court for the District of Columbia prior to the date of sentencing or as directed by a Judge of the District Court. Defendant Lemus-Hernandes further understands that the United States Sentencing Guidelines Manual ("Sentencing Guidelines") will apply to determine Defendant Lemus-Hernandes guideline range, and that pursuant to Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation.

Defendant Lemus-Hernandes agrees and will acknowledge at the time of the plea of guilty to the criminal charges stated above that, pursuant to Section 1B1.3 of the Sentencing Guidelines, Defendant Lemus-Hernandes is accountable for a total of more than 5 kilograms but less than 15 kilograms grams of cocaine, which quantity represents the total amount involved in Defendant Lemus-Hernandes' relevant criminal conduct, including amounts Defendant Lemus-Hernandes distributed or possessed with intent to distribute and amounts distributed or possessed with intent to distribute by co-conspirators of Defendant Lemus-Hernandes, pursuant to jointly undertaken criminal activity that was reasonably foreseeable by Defendant Lemus-Hernandes and within the scope of Defendant Lemus-Hernandes conspiratorial agreement. However, Defendant Lemus-Hernandes must understand that should he be determined to be a "Career Offender," then his guideline range may be substantially higher.

### *Elements of the Offense*

#### Conspiracy Count One

The essential elements of the offense of Conspiracy to distribute and possess with intent to distribute, in violation of 21 United States Code, § 846, each of which the government must prove beyond a reasonable doubt to sustain a conviction, are:

(1) that an agreement existed between two or more persons to commit the crimes of distribution and possession with intent to distribute;

(2) that the Defendant intentionally joined in that illegal agreement.

See *United States v. Lam Kwong Wah*, 924 F.2d 298, 302-303 (D.C. Cir. 1991); *United States v. Pumphrey*, 831 F.2d 307, 308-309, 265 U.S. App. D.C. 306, 307-308 (D.C. Cir. 1987). These cases hold that the offense of violating 21 U.S.C. § 846 by conspiring to violate federal narcotics

laws does not include an element of commission of an overt act in furtherance of the conspiracy. The law makes cocaine a controlled substance.

### Possession With Intent To Distribute

Alternative B -- 21 U.S.C. § 841(a)(1)

The essential elements of the offense, each of which the government must prove beyond a reasonable doubt, are:

1. That the Defendant possessed a controlled substance;

2. That the Defendant did so knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

3. That when the Defendant possessed the controlled substance, he had the specific intent to distribute it. Distribute means to transfer or attempt to transfer to another person. The law makes cocaine a controlled substance.

### Distribution of Controlled Substances

Alternative B - 21 U.S.C. § 841(a)(1)

The essential elements of this offense, each of which the government must prove beyond a reasonable doubt, are:

1. That the Defendant distributed a controlled substance. Distribute means to transfer or attempt to transfer to another person. The government need not prove that the Defendant received or expected to receive anything of value in return.

2. That the Defendant distributed the controlled substance knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently. The law makes cocaine a controlled substance.

### *Statement of Facts*

Defendant Lemus-Hernandes, and several associates, both known and unknown to the United States, have conspired to distribute and possess with intent to distribute cocaine, a controlled substance, in violation of Title 21 United States Code §§ 841(a)(1) and 846. This conspiracy has venue and jurisdiction in the District of Columbia. The substances seized and distributed during this investigation were analyzed by the Drug Enforcement Administration Laboratory and were determined to in fact be cocaine, a controlled substance. The cocaine utilized during the charged conspiracy could be smoked and ingested by various methods to cause a narcotic or drugged effect. Defendant Lemus-Hernandes conspired with various individuals, both known and unknown to the United States, to include: Caesar A. Morales, Jose L. Sintuj-Flores, "Darwin" and "Martin Guerra."

On Thursday, September 7, 2006, a special employee (SE) working with the Metropolitan Police Department's Narcotics Special Investigation Division arranged a meeting with Defendant Ever Lemus-Hernandes to purchase five kilograms of cocaine. The SE and Defendants Lemus-Hernandes and Sintuj-Flores had conspired together on previous substantial cocaine distributions. The SE and Defendant Lemus-Hernandes had spoken earlier, at which time they agreed that the Defendant Lemus-Hernandes would give the SE five kilograms of cocaine and the SE would give the Defendant $21,000 for each kilogram. The SE and the Defendant agreed to meet at the Tiger Mart parking lot located in the 300 block of Riggs Road, N.E., Washington, D.C. Defendant Lemus-Hernandes told the SE he would bring one kilogram of cocaine for the $21,000.00 and would bring the additional four kilograms of cocaine after the money was given to him by SE. When the SE arrived at the Tiger Mart, Defendant Lemus-Hernandes and

Defendant Sintuj-Flores were waiting inside a gold colored Mazda bearing Maryland tag MZK-699. Defendant Lemus-Hernandes exited the passenger side of the gold Mazda, approached the SE's car and after a brief conversation with the SE from the passenger side window, walked to the driver's side of the gold Mazda where Defendant Sintuj-Flores was seated. Defendant Sintuj-Flores exited the Mazda and both Defendants went to the trunk of the Mazda. Defendant Lemus-Hernandes removed a white colored bag from the trunk and placed it inside of a brown paper bag, which he then gave to Defendant Sintuj-Flores.

Both Defendants then walked to the SE's car, and Lemus-Hernandes entered the front passenger seat, and Sintuj-Flores enter the right rear passenger seat. Defendant Sintuj-Flores then gave the SE the brown paper bag containing the white plastic bag. The SE then divided the "Flash" money and gave one portion of the money to Defendant Lemus-Hernandes, and the other portion to Defendant Sintuj-Flores. The SE then exited the car, and arrest teams moved in. Recovered from the white bag was nine clear sandwich bags and a gallon size freezer bag containing a brick style pack wrapped in brown packing tape containing a white compressed powder. A portion of the white powder substance field tested positive for cocaine. The approximate weight of the gallon size freezer bag was 1050 grams and the nine clear sandwich bags of a white powder weighed 252 grams. The "flash" money the SE had given the Defendants was also recovered from the car. Officers placed both Defendants under arrest. A third individual - - Caesar A. Morales - - was the supplier who brought the cocaine from Indiana. Morales was stopped and arrested in PG County that same day, shortly after the defendants left to meet the SE. Three additional kilograms of cocaine were found in Morales' truck.

Defendant Ever O. Lemus-Hernandes Acceptance

I have read this factual proffer summary and have discussed it with my attorney, Carlos J. Vanegas, Esquire. I fully understand this proffer and agree that it is an accurate summary of the facts of my case and I agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this factual proffer summary.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in my plea agreement. I am satisfied with the legal services provided by my attorney in connection with my plea agreement and matters related to it.

Date:_____          _____
                              Defendant Ever O. Lemus-Hernandes

ATTORNEY'S ACKNOWLEDGMENT

I have read each of the nine pages constituting this factual proffer summary, I have reviewed them with my client, and discussed the provisions of the summary and the plea agreement with my client, fully. These pages accurately sets forth the summary of facts in my client's case.

Date: _____           _____
                           Carlos J. Vanegas, Esquire
                           Attorney for the Defendant Ever O. Lemus-Hernandes

WHEREFORE, it is respectfully requested that this pleading be made part of the record.

Respectfully submitted,

JEFFERY A. TAYLOR
UNITED STATES ATTORNEY

By: _____
MARTIN DEE CARPENTER
Assistant United States Attorney

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this pleading has been mailed, postage prepaid, this 13th day of November, 2006, to counsel for Defendant Lemus-Hernandes, Carlos J. Vanegas, Esquire, Via first class mail, postage prepaid, and by facsimile to (202) 208-7515, Suite No. 550, 625 Indiana Avenue, Northwest, D.C. 20004, Office No. (202) 208-7500; carlos_vanegas@fd.org; martina_melendez@fd.org

_____
MARTIN DEE CARPENTER, Bar No. 431-211
Assistant United States Attorney
Organized Crime & Narcotics Trafficking Section
555 4th Street, N.W., Room No. 4116
Washington, D.C. 20530
(202) 514-7063